**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-3671
_____

AHSAKI GORDON;
THE PENNSYLVANIA HOUSING FINANCE AGENCY,
ITS SUCCESSORS AND/OR ASSIGNS

v.

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-15-cv-03088
District Judge: The Honorable Joel H. Slomsky

_____

Argued July 11, 2017

Before: SMITH, *Chief Judge*, FUENTES, *Circuit Judge*, and STARK,[*]
*Chief District Judge*

(Opinion Filed:  July 26, 2017)


Allan D. Goulding, Jr.,                    [ARGUED]
Curtin & Heefner LLP
250 North Pennsylvania Avenue
Morrisville, PA 19067

_____

[*] Honorable Leonard P. Stark, Chief Judge of the United States District Court for
the District of Delaware, sitting by designation.

*Counsel for Appellant Allstate Property & Casualty Insurance Co.*

Marc H. Edelson
Liberato P. Verderame          [ARGUED]
Edelson & Associates
3 Terry Drive, Suite 205
Newtown, PA 18940

*Counsel for Appellee Ahsaki Gordon*

Sean A. Kirkpatrick          [ARGUED]
Office of Attorney General of Pennsylvania
Strawberry Square, 15th Floor
Harrisburg, PA 17120

*Counsel for Appellee Pennsylvania Housing Finance Agency*

_____

OPINION[*]

_____

SMITH, *Chief Judge.*

Allstate Property and Casualty Insurance Co. ("Allstate") appeals a jury verdict in favor of homeowner Ahsaki Gordon on a breach of contract claim. Allstate's appeal primarily concerns its claim that the District Court erred by allowing the jury to consider Gordon's reasonable expectations of insurance coverage. We conclude that any error was harmless, and will affirm the judgment of the District Court.

I.

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

After a storm, on March 10 and 11, 2015, portions of the stone façade of Gordon's home collapsed. Allstate denied Gordon's claim for coverage on the basis that her policy was limited to "sudden and accidental physical loss to the property" caused by a named peril, including windstorms. J.A. 73a. According to Allstate, the damage to Gordon's home was caused by neglect, not the storm.

On June 3, 2015, Gordon filed a one-count breach of contract complaint in the United States District Court for the Eastern District of Pennsylvania. The Philadelphia Housing Finance Agency ("PHFA"), Gordon's mortgagee, was joined as a plaintiff. After a four-day trial, the jury returned a verdict for Gordon, finding that she and PHFA "proved by a preponderance of the evidence that the collapse of the exterior wall . . . was a sudden and accidental physical loss caused by a windstorm as covered under her policy with defendant." J.A. 724a. The jury awarded Gordon $177,684.74, and the District Court entered judgment accordingly. After Allstate moved for, and was denied, judgment as a matter of law and a new trial, Allstate timely filed this appeal.[1]

## II.

At trial, Allstate filed a motion in limine seeking to prevent Gordon from testifying about her reasonable expectations of coverage. The District Court

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291.

3

denied Allstate's motion, permitted the testimony, and later provided instructions to the jury concerning that testimony.[2] Allstate claims that the District Court erred in doing so, contending there was no basis for permitting the jury to consider testimony regarding Gordon's reasonable expectations of coverage.[3]

Even if Allstate could demonstrate that Gordon's testimony should have been excluded as a matter of Pennsylvania law,[4] "errors in the admission or

---

[2] Gordon testified that, when she purchased her home, she had the following conversation with an insurance agent: "When he asked me, you know, what kind of – type of insurance do I want, I said I don't know. You tell me what type of insurance I should get. It's a 100 something years old. The house is old. I don't have any money . . . so tell me what is – what policy that I can get that can fix it if anything goes wrong. I don't know anything about houses, so I won't – I don't know what to ask you . . . you're the professional, you tell me what you think I should've based on everything I told you about the house? And he said oh, I have a policy great for you." J.A. 265a–66a. When asked, "what were your concerns specifically when you're talking to the agent about you wanted to buy a policy?," Gordon responded, "[t]hat I wanted to be covered." J.A. 267a.

[3] We review both the District Court's evidentiary ruling and its decision regarding the jury instructions for abuse of discretion. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995) (evidentiary rulings); *Fahie v. Virgin Islands*, 858 F.3d 162, 169 (3d Cir. 2017) (jury instructions).

[4] Pennsylvania law is not entirely clear as to the circumstances under which an insured's reasonable expectations of coverage are to be considered. *Compare Standard Venetian Blind Co. v. Am. Empire Ins. Co.*, 469 A.2d 563, 567 (Pa. 1983) ("[W]here, as here, the policy limitation relied upon by the insurer to deny coverage is clearly worded and conspicuously displayed, the insured may not avoid the consequences of that limitation by proof that he failed to read the limitation or that he did not understand it."), *with Tonkovic v. State Farm Mut. Auto. Ins. Co.*, 521 A.2d 920, 926 (Pa. 1987) ("The reasonable expectation of the insured is the focal point of the insurance transaction . . . . Thus, regardless of the ambiguity, or lack thereof, inherent in a given set of insurance documents . . ., the public has a right to expect that they will receive something of comparable value in return for

4

exclusion of evidence cannot be grounds for reversal or a new trial if they constitute harmless error." *Abrams*, 50 F.3d at 1213 (citing Fed. R. Civ. P. 61). An error is harmless when there is a "high probability" that the discretionary error did not contribute to the verdict. *Langbord v. U.S. Dep't of Treasury*, 832 F.3d 170, 196 (3d Cir. 2016) (en banc).

Here, any error would be harmless because Gordon presented sufficient evidence to support the jury's determination that the collapse of Gordon's home was a "sudden and accidental physical loss caused by a windstorm as covered under her policy with defendant." J.A. 724a. For instance, Gordon presented expert testimony from an engineer who opined that the collapse was a sudden, catastrophic event and that "the wind damage [wa]s the final nail in the coffin that cause[d] the collapse of this. . . . [He] would attribute this [collapse] more to a wind event . . . ." J.A. 475a–76a. Gordon also presented testimony from the contractor who repaired her home, who personally observed that "there was damage by the scupper box along the fascia board which in [his] assessment had blown off and turned into a catch funnel." J.A. 337a.

---

the premium paid." (quoting *Collister v. Nationwide Life Ins. Co.*, 388 A.2d 1346, 1353 (Pa. 1978))); *see also Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1311 (3d Cir. 1994) ("Faced with *Collister*, *Standard Venetian Blind*, and *Tonkovic*, we are unable to draw any categorical distinction between the types of cases in which Pennsylvania courts will allow the reasonable expectations of the insured to defeat the unambiguous language of an insurance policy and those in

Because Gordon presented ample evidence to support the determination that the loss was caused by a windstorm—and therefore was covered by the express terms of the contract—it is highly probable that the jury would have reached that same result even without Gordon's reasonable expectations testimony.  Any claimed error in admitting Gordon's reasonable expectations of coverage—and any related error in instructing the jury regarding that evidence—was therefore harmless.[5]  *E.g.*, *Hill v. Reederei F. Laeisz G.M.B.H., Rostock*, 435 F.3d 404, 411 (3d Cir. 2006) ("An error will be deemed harmless only if it is 'highly probable' that the error did not affect the outcome of the case." (quoting *Forrest v. Beloit Corp.*, 424 F.3d 344, 349 (3d Cir. 2005))).

III.

Allstate also contends that the District Court erred in denying its motion for judgment as a matter of law because, according to Allstate, the evidence presented at trial demonstrated that the "predominant cause" of the damage to Gordon's home was a lack of maintenance, and the loss was therefore not covered by the

---

which the courts will follow the general rule of adhering to the precise terms of the policy.").

[5] Allstate further contends that the jury instructions regarding reasonable expectations were "mutually exclusive and inconsistent."  We have reviewed the instructions and conclude that they accurately apprised the jury of the applicable law.  *See Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 78 (3d Cir. 2009).

policy. The District Court denied Allstate's motion at trial, as well as its renewed post-trial motion.[6]

A motion for judgment as a matter of law "should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Avaya Inc. v. Telecom Labs, Inc.*, 838 F.3d 354, 373 (3d Cir. 2016) (quoting *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993)). Such a motion should be granted only sparingly. *Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

As already discussed, we are satisfied that the jury's verdict rested upon sufficient evidence of liability. Accordingly, the District Court properly denied Allstate's motion.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[6] We exercise plenary review over the District Court's denial of judgment as a matter of law. *See Eshelman v. Agere Sys., Inc.*, 554 F.3d 426, 433 (3d Cir. 2009).